UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


SHIRLEY POLIFRONE                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:08cv142-LTS-RHW

USAA CASUALTY INSURANCE COMPANY                                            DEFENDANTS
AND JANE AND JOHN DOES 1-10

### ORDER

      This Court entered an [19] Order for Mediation on September 26, 2008, setting November 6, 2008, as the deadline for those choosing the option of private mediation. The parties in the instant case notified the Court within ten days of the entry of the order that they would be pursuing private mediation; thereafter, however, counsel for the defense contacted the Court to request *ore tenus* an extension beyond the November 6 deadline in which to conduct the private mediation. As in other cases, the Court advised that this request was not appropriate because when the orders are entered and the parties opt out of the Court's program it is with the understanding that the deadline will be met.

      The deadline is important because the Court's mediation program has occurred during defined periods, which enables the process to be controlled, the cases to move forward, and their progress to be monitored. The program has been successful in large part because deadlines have been honored. The Court has also emphasized that it is a dangerous precedent to start altering the Court's mediation schedules.

      It was also the Court's understanding from defense counsel that the date after the deadline was the only time available for private mediation, in which event it would be necessary for the parties to participate in the Court's program within the deadline. Consistent with the mediation order, the Court advised counsel that it would contact the program administrator (AAA) to arrange for the mediation in the Court's program.

      During the course of attempting to schedule the mediation, AAA received e-mails from Plaintiff's counsel (who has not contacted the Court) indicating that the parties had opted for private mediation. Upon inquiry by the Court to defense counsel, who had made the initial contact about extending the deadline, the Court learned for the first time that arrangements had been made by the parties to hold the private mediation on November 5, which is before the Court-imposed deadline. While "[i]t is the policy of the Court to support and encourage the voluntary resolution of claims," [19], it is also the Court's responsibility to maintain order and avoid confusion.

      There is no reason to parse the string of e-mails between AAA and Plaintiff's counsel to

get to the bottom of events or to assess blame, but it is clear that absolutely no information about the rescheduled private mediation is contained in them.  AAA was simply doing as it was requested by the Court, and was also diligent in letting the Court know to the best of its ability what was going on.

      Nevertheless, because the parties have somehow managed to schedule the private mediation before November 6, the Court will allow the private mediation to go forward but only on the condition that the private mediation is actually held before that deadline.  All counsel are admonished that failure to satisfy this condition or failure in any other regard to comply with the expressed terms of the [19] Order for Mediation shall result in the imposition of sanctions.

      **SO ORDERED** this the 21st day of October, 2008.

      s/ L. T. Senter, Jr.
      L. T. SENTER, JR.
      SENIOR JUDGE